In re the MARRIAGE OF Karen BIGGERS and Philip Biggers.

Karen BIGGERS, Respondent,

v.

Philip BIGGERS, Appellant.

No. 14830.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 18, 1987.

Philip Biggers, pro se.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, for respondent.

PER CURIAM.

On September 10, 1982, Karen Biggers, petitioner in the trial court and respondent here, instituted this action for dissolution of her marriage to Philip Biggers, respondent in the trial court and appellant here. In addition to seeking dissolution of the marriage, Karen sought principal custody of the two children born of the marriage, an award of child support, and her attorney's fees.

On August 6, 1982, unknown to Karen, Philip filed a divorce action in Arkansas and sought custody of the two children. The Arkansas trial court entered its decree dissolving the marriage and awarding custody of the children to Philip. Karen appealed to the Arkansas Court of Appeals and that court held that the portion of the Arkansas decree granting custody to Philip was void. *Biggers v. Biggers*, 11 Ark.App. 62, 666 S.W.2d 714 (Ark.App.1984). In its opinion the court said that the two children were in Arkansas "only because [Philip] abducted them from their residence in Missouri, their home state." The court also said, "the Arkansas court simply had no jurisdictional basis upon which to act on the child custody matter."

In the Missouri action the trial court, after several evidentiary hearings, entered its order granting Karen principal custody of the children, subject to liberal visitation rights of Philip. The latter rights included extensive summertime custody.

On this appeal by Phillip he complains of those portions of the trial court's decree awarding Karen principal custody, requiring him to pay an attorney's fee of $1,500 to Karen, and reprimanding him for his noncompliance with a temporary custody order.

This court has reviewed the multi-volume record. This court finds that the judgment of the trial court was supported by substantial evidence and is not against the weight of the evidence. This court further finds that no error of law appears and that an opinion would have no precedential value. In compliance with Rule 84.16(b) the judgment is affirmed.

All concur.